UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
GOLDEN OCEAN GROUP LTD.,                                      :
                                                              :
                              Plaintiff,                      :     **ORDER**
        -against-                                             :
                                                              :     09 Civ. 7391 (RJH)
G.T. GROUP HOLDING A/K/A G.T. GROUP                           :
A/K/A G.T. GROUP SAL HOLDING,                                 :
                                                              :
                              Defendant.                      :
------------------------------------------------------------- x

GERARD E. LYNCH, District Judge:

      Plaintiff Golden Ocean Group Ltd.'s application for an ex parte Order for Process of Maritime Attachment and Garnishment comes to the undersigned as Part I Judge, in the temporary absence of Judge Holwell, to whom the above-captioned action is assigned. By separate order dated today, the Court granted the application and issued an Order of Attachment in the amount of $668,981.50 against defendant G.T. Group Holding. Although plaintiff styled the action as against a singular defendant, named G.T. Group Holding a/k/a G.T. Group a/k/a G.T. Group Sal Holding, the complaint reveals that in fact, plaintiff believes G.T. Group Holding, G.T. Group, and G.T. Group Sal Holding to be separate, albeit allegedly related, entities. Plaintiff failed, however, to allege facts sufficient to provide probable cause that the entities are in fact alter egos of one another. See Kola Shipping v. Shakti Bhog Foods, Ltd., No. 08 Civ. 8817, 2009 WL 464202, at *2 (S.D.N.Y. Feb. 24, 2009). Accordingly, the order of attachment was limited to G.T. Group Holding, which, by letter dated August 24, 2009, plaintiff confirms is the party to the relevant maritime contract.

      The Court also declined to make certain changes to Judge Holwell's standard Rule B attachment order, as requested by plaintiff in order to circumvent certain policies of JPMorgan Chase, a potential garnishee. Specifically, plaintiff asked that the order (a) limit the garnishees to collecting a reasonable fee only upon the initial service of the writ of attachment; (b) require that the garnishees treat service as continuous throughout the day; and (c) order that the United States Marshals may effect supplemental service of the writ of attachment by electronic means, or alternatively, if the garnishees so require, appoint a special process server to effect personal service.

      In view of the fact that this application comes before the undersigned on a limited emergency basis, and in light of the incompleteness of the present record, the Court finds it inappropriate to order any deviations from Judge Holwell's standard Rule B attachment order. The only arguable emergency is in the issuance of the order of attachment. That general request

has been granted. The attachment having been granted, the specific and particularized requests plaintiff makes are best left to be determined by Judge Holwell in the ordinary course.

Crucially, with respect to plaintiff's request that the garnishees be limited to the collection of a one-time fee, there is nothing in the record to justify this result. Plaintiff points to VOF Bouwcombinatie Egmond v. Oceanteam Power & Umbilical B.V., __ F. Supp. 2d __, 2009 WL 2432693, at *6 (S.D.N.Y. Aug. 6, 2009), in which Judge Schindlin found JPMorgan Chases's fee demands unreasonable and limited it to the collection of a total of $250. Judge Schindlin, however, had a detailed record before her as to the propriety of the fees that is absent here. Thus, because processing writs of attachment undoubtedly requires resources of the garnishees, without any explanation from plaintiff as to what makes JPMorgan Chase's practices unreasonable or an opportunity for JPMorgan Chase to defend its policies, the Court is not in a position to say that the fee policy is unwarranted, and declines to depart from Judge Holwell's standard practice to impose the requested limitation.

With respect to plaintiff's request that service be deemed continuous through each day of service, the Court notes that Judge Holwell has seen fit to defer to the written policies of each garnishee. The undersigned finds nothing improper with this general practice and will not override Judge Holwell's standard procedure at this time. Finally, the Court notes that, with respect to plaintiff's final request, Judge Holwell typically will appoint special process servers upon the request of plaintiff. Accordingly, plaintiff's third request is largely moot.

To the extent plaintiff wishes to renew any of its denied requests, it should present that application to Judge Holwell with a more complete record, including providing JPMorgan Chase with an opportunity to defend its policies. Until then, the Court declines to order any deviations from Judge Holwell's standard order.

SO ORDERED.

Dated: New York, New York
       September 1, 2009

                                          _____
                                          GERARD E. LYNCH
                                          United States District Judge